IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYSTONE FOODS, LLC, | : | CIVIL ACTION |
| | : | NO. 15-756 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC DRY ICE, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**O R D E R**

**AND NOW,** this **8th** day of **July, 2015,** after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (ECF No. 16) and Defendant's objections thereto (ECF No. 24), it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED;**

(2) Defendant's objections to the Report and Recommendation are **OVERRULED;**[1] and

---

[1] Defendant raised the following objections to Judge Rueter's Report and Recommendation: (1) Plaintiff's negligence claim is barred by the gist of the action doctrine; (2) Plaintiff's demand for punitive damages should be dismissed for failure to plead sufficient facts; and (3) Plaintiff's demand for attorneys' fees and costs under an indemnification clause in the parties' contract should be dismissed because the clause was only intended to relate to losses caused by third parties. Def.'s Objections 2-12.

Considering Defendant's objections in the light most favorable to the Plaintiff as the nonmoving party, DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007), the Court adopts the Report and Recommendation and denies the motion to dismiss. The Court will consider these issues on a fuller

(3) Defendant's Motion to Dismiss (ECF No. 7) is **DENIED**, except as to punitive damages on the breach of contract claim.[2]

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

record at the motion for summary judgment stage.

[2] To the extent that Plaintiff's demand for punitive damages is based upon its breach of contract claim, Defendant's motion to dismiss the demand for punitive damages is granted. Under Pennsylvania law, "punitive damages are not recoverable in an action solely based upon breach of contract," Johnson v. Hyundai Motor Am., 698 A.2d 631, 639 (Pa. Super. Ct. 1997), although such damages may be available in a tort action.